The opinion of the court was delivered by
Bermudez, C. J.
The plaintiff seeks to be recognized as the owner of twenty-six shares of bank stock standing in defendant’s name.
The allegation is that the stock was pledged to the defendant to secure payment of plaintiff’s note for $3,400, as is shown on the face pf the note; that subsequently, “for reasons of convenience,” the stock was transferred to defendant; that interest has been paid on the note up to a certain tune, as well by money disbursed by plain *184 tiff as by dividends received on the stock .by defendant and applied to such interest; that plaintiff, being desirous to take up Ms note, has offered to pay the same on the transfer back to him of the .stock, but that defendant refuses to receive payment and to transfer the stock.
The prayer is for the stock, or the value thereof, less the amount of the note and interest.
The answer is a denial of ownership in plaintiff, and an averment of title in defendant, under a valid and absolute transfer by plaintiff to Mm.
From an adverse judgment the defendant appealed.
Since the case was submitted the defendant died, and his widow and universal legatee made herself a party.
During the trial below exceptions were taken by defendant’s counsel to several rulings of the District Judge; but, as our attention was not drawn to them, and it would be unnecessary to pass upon them in view of the conclusion which we have reached, we will not notice them.
The record shows that the plaintiff, being indebted to the defendant in the sum of $3,400, executed Ms note for that amount on December 20, 1883, payable on demand, bearing 8 per cent, interest from date, to Ms own order and by him endorsed, for value received, with the stipulation that it was secured by pledge of the twenty-six shares, which are described on the back, and that in case of nonpayment, the holder would have authority to sell the security and apply the proceeds to the payment of the note.
Endorsements show that interest was paid on June 20 and on December 20, 1884.
On December 17, 1885, it appears that under a formal power of attorney, one Bier transferred the stock on the books of the bank in the name of the defendant.
A further endorsement on the note shows that interest was acknowledged to have been paid on it on the 20th of December, 1885.
It also appears that from the date of the transfer to December 30, 1887, inclusive, five dividends, each for $130, were paid on the stock and received by the defendant.
The. question presented is simply: whether the transfer effected was conditional or absolute.
*185 There is nothing on its face to show that it was effected on any contingency.
Under the stipulation expressed in the note, the holder, in case of non-payment, could have sold the stock and applied the proceeds. On the day of the transfer, December IV, 1885, the note was due and remained unpaid and the event under which the holder could have sold had happened. He did not sell, but on that day an agent of plaintiff made the transfer to the defendant, who, it would seem, became apprised of the fact shortly after.
From plaintiff’s statement the transfer-was authorized by him in apprehension of a suit which had been brought against him and to save defendant from trouble in consequence of it.
From defendant’s testimony it results that the transfer was made in furtherance of a previous undertaking with plaintiff, who, acknowledging his inability to pay the note, had proposed to defendant to take the stock in payment, the latter assenting, the stock being then worth about the amount of the debt.
It appears that it was after-the transfer had taken place that defendant credited the note on December 20, 1885, .with interest up to that date, and canceled it by erasing or crossing the name of the drawer, placing back the note in his bank box in that condition as a warning of its worthlessness to his heirs. Defendant says that he did not return the note to plaintiff owing to his absence at the time in the country.
It does not appear that plaintiff, who is dealer in stock, after the transfer, felt any uneasiness about the note. He merely inquired about it, and on being answered that it was worthless, rested satisfied. It is only some two years and a half after the transfer, the shares having gone up considerably, that the plaintiff called on the defendant for a transfer back to him, expressing a readiness to take up the note, without, however, making any tender of the money.
The claim has the characteristics of a stale demand, and appears to be an afterthought.
The seriousness of the transfer, which is patent on its face, corroborated by defendant’s unequivocal and unimpeached testimony, unassailed by any counter letter or equivalent proof, has not been affected by it.
An examination of the evidence and a consideration of all the sur *186 rounding circumstances lead us to the conclusion that the case is with the defendant. Melior est conditio possidentis.
It is therefore ordered and decreed that the judgment appealed from be reversed, and it is now adjudged that plaintiff’s demand be rejected, with judgment for defendant, recognizing title in him or his estate to the twenty-six shares of the Germania National Bank,, old No. 265, transferred on the 17th of December, 1885, and that the plaintiff pay costs in both courts.